IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cr-20060-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE ISRAEL MELENDEZ,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Jose Israel Melendez's Motion to Suppress Statements and Physical Evidence (ECF No. 20).[1] THIS MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge, who issued a Report (ECF No. 34) recommending that the Motion (ECF No. 20) be granted in part. The Government filed an Objection (ECF No. 39) to the Report. The Defendant filed a Response (ECF No. 41) to the Government's Objection.

UPON CONSIDERATION of the Motion, Report, Objection, and Response, and after a *de novo* review of the record, this Court enters the following Order.

**I.    ANALYSIS**

Magistrate Judge Torres' Report recommends that Melendez's Motion to Suppress be granted in part. The Government's Objection primarily asserts: (i) the tip was from a known informant and was reliable; and (ii) the totality of the circumstances support reasonable suspicion necessary to conduct a Terry stop. As discussed in more detail below, this Court rejects the

---

[1] At the evidentiary hearing on March 19, 2012, counsel for Defendant withdrew the portion of the Motion related to the post-arrest statements and the purported improper Miranda warning.

1

Government's arguments and adopts Magistrate Judge Torres' factual findings and recommendations in full.[2]

   A. <u>The Tip was Unreliable and from a Suspicious Person</u>

Magistrate Judge Torres correctly concluded the tip was unreliable and essentially from an anonymous source. The Government's Objection focuses on whether the tip was in fact anonymous and attempts to discredit the Report because the officers never "testified that they regarded the tip or its information as 'unreliable.'" Gov't's Obj., at 8. This argument misses the point. The Report focuses on Officer Katrina Lugo-Martinez's actions in concluding the tip was unreliable.[3] The tip's unreliability is established because Officer Lugo-Martinez: (i) ignored the tip; (ii) relayed it only upon receiving the tip again and after contacting her supervisor; (iii) informed dispatch that it was an unconfirmed tip from a suspicious individual; and (iv) reiterated to the responding officers her concerns about the tip. Report, at 8-9. These actions undermine the Government's claim that Officer Lugo-Martinez's delay in relaying the tip to dispatch was due to her inexperience working the front desk. Gov't's Obj., at 8 n. 6. Moreover, the Government cannot rely on the fact that the tip was in-person to bolster the tip's reliability because Officer Lugo-Martinez testified that the encounter heightened her suspicion. Tr., at 14, 17. Clearly, a seasoned patrol officer has enough experience to determine whether a tip and informant are reliable. As demonstrated by her statement that the tip was from a "38" or

---

[2] A detailed account of the history of this case is included in the Report (ECF No. 34), and is incorporated herein by reference.

[3] Reviewing courts give deference to credibility determinations of fact finders which had the opportunity to see witness testimony. <u>United States v. Reed</u>, 402 Fed. App'x 413, 414 (11th Cir. 2010) (citation omitted). A district court is not permitted to reject the credibility determinations of a magistrate judge without itself holding a hearing. <u>United States v. Cofield</u>, 272 F.3d 1303, 1306 (11th Cir. 2001).

"suspicious person" and that "we don't know how valid [the tip] is", Officer Lugo-Martinez determined the tip was unreliable. Tr., at 14, 20, 23.

Although *ex post* it is easy to conjure factors which support reliability, the Court gives great weight to the testimony of the one person who was able to observe the tipster. Therefore, the Court concurs with the Report and finds Magistrate Judge Torres correctly concluded the tip was unreliable and essentially from an anonymous source.

B. <u>The Totality of the Circumstances do not Support Reasonable Suspicion</u>

Magistrate Judge Torres correctly concluded the totality of the circumstances do not support reasonable suspicion. The Government's Objection focuses on the reliability of the tip and Defendant's "unprovoked flight" to discredit the Report. As discussed above, the tip was unreliable and could not form an independent basis for reasonable suspicion.

Moreover, the record demonstrates Defendant's actions do not indicate that "criminal activity may be afoot" or that Defendant was "armed and presently dangerous." <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). Defendant's only actions were making eye contact with a police officer and turning around to walk into a conveyance store. The Government's claim that Defendant "walked with purpose" is refuted by the officers' testimony that Defendant never acted suspicious or unruly, and the officers never perceived a threat from the Defendant. Tr., at 46. Further undermining the Government's argument, Officer Bernadette Maher testified she frisked the Defendant because of (i) the tip; (ii) his walk into the store after making eye contact with the officers; and (iii) "just fear of the unknown." Tr., at 46. Moreover, Defendant's isolated instance of behavior did not occur in a high crime area and there is no indication that either officer observed any other suspicious circumstances, such as a bulge in Defendant's linen pants. The Government's Response, Supplemental Response, and Objection all fail to cite an analogous case to support reasonable suspicion in this scenario. The Court agrees this case is controlled by

Florida v. J.L., 529 U.S. 266 (2000). In Florida v. J.L., the Supreme Court rejected a finding of reasonable suspicion with an uncorroborated, anonymous tip and required that "a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinable person." Id. at 272. Under these facts, the Government cannot rely on the fact Defendant matched the tipster's description to support reasonable suspicion.

Moreover, the officers neither conducted an investigation to corroborate the tip nor engaged the Defendant in a consensual citizen encounter before frisking him. The officers needed to uncover additional facts that could provide the officers with a particularized and objective basis for reasonable suspicion. United States v. Lewis, No. 10-13567, 2012 WL 967969, at *4-*5 (11th Cir. Mar. 23, 2012) (finding that officers can question a Defendant without implicating the Fourth Amendment). Here, the officers were acting on the "inchoate and unparticularized suspicion or 'hunch'" that was disapproved in Terry. 392 U.S. at 27. Therefore, the Court concurs with the Report and finds Magistrate Judge Torres correctly concluded the totality of the circumstances do not support reasonable suspicion.

## II. CONCLUSION

Upon Consideration of the Motion, Report, Objection, and Response, and after a *de novo* review of the record, it is hereby

ORDERED AND ADJUDGED that Magistrate Judge Torres' Report and Recommendation (ECF No. 34) is ADOPTED. Defendant Jose Israel Melendez's Motion to Suppress Statements and Physical Evidence (ECF No. 20) is GRANTED IN PART.

DONE AND ORDERED in Chambers, at Miami, Florida this 17th day of April, 2012.

                                                                                      _____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:      All counsel of record